UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DIONE B.,

                         Plaintiff,

v.                                                    1:20-CV-1745
                                                         (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC       ANTHONY ROONEY, ESQ.
  Counsel for Plaintiff                                 KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                    ANDREEA LECHLEITNER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 11.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.      RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1968. (T. 52.) He completed the 12th grade. (T. 148.) Generally, Plaintiff's alleged disability consists of multiple sclerosis ("MS"), chronic lumbar radiculopathy, diabetes, obstructive sleep apnea, and internuclear ophthalmoplegia of both eyes. (T. 53-54.) His alleged disability onset date is May 1, 2014. (T. 52.) His date last insured is June 30, 2017. (*Id.*) His past relevant work consists of cook. (T. 48, 148)

### B. Procedural History

On November 28, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 52.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On October 18, 2019, Plaintiff appeared before the ALJ, Stephen Cordovani. (T. 25-51.) On October 24, 2019, ALJ Cordovani issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 9-24.) On October 5, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law. (T. 14-20.) First, the ALJ found Plaintiff met the insured status requirements through June 30, 2017, and Plaintiff had not engaged in substantial gainful activity since May 1, 2014. (T. 14.) Second, the ALJ found through the date last insured, Plaintiff had the medically determinable impairments of MS, diabetes mellitus,

obstructive sleep apnea, hyperlipidemia, hypertension, internuclear ophthalmoplegia of both eyes, and lumbar spine disorder.  (*Id*.)  Third, the ALJ found through the date last insured Plaintiff did not have an impairment or combination of impairments that significantly limit his ability to perform basic work-related activities for 12 consecutive months; therefore, Plaintiff did not have a severe impairment of combination of impairments.  (T. 15.)  Therefore, the ALJ found Plaintiff was not under a disability at any time from May 1, 2014, through June 30, 2017.  (T. 19.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes one argument in support of his motion for judgment on the pleadings.  Plaintiff argues the ALJ erred in finding no severe impairments.  (Dkt. No. 8 at 10-14.)  Plaintiff also filed a reply in which he deemed no reply necessary.  (Dkt. No. 10.)

### B.   Defendant's Arguments

In response, Defendant makes one argument.  Defendant argues the ALJ reasonably found Plaintiff did not have a severe back impairment.  (Dkt. No. 9 at 6-18.)

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*,

817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner],

even if it might justifiably have reached a different result upon a *de novo* review."

*Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

Plaintiff argues the ALJ erred in denying his claim at step two.  (Dkt. No. 8.)  The ALJ found Plaintiff's MS, diabetes mellitus, sleep apnea, hyperlipidemia, hypertension, ophthalmoplegia, and lumbar spine disorder were non-severe impairments (T. 14); however, Plaintiff asserts the ALJ erred in his assessment of Plaintiff's lumbar spine disorder (Dkt. No. 8).  Therefore, for ease of discussion and analysis, only evidence relevant to Plaintiff's lumbar spine disorder will be discussed.  For the reasons outlined below, the ALJ properly assessed Plaintiff's lumbar spine impairment at step two and his determination was supported by substantial evidence.

In general, at step two of the disability analysis, the ALJ determines whether the plaintiff has an impairment, or combination of impairments, that is "severe" within the meaning of the regulations, in that it "significantly limits" plaintiff's ability to perform basic work activities.  20 C.F.R. § 404.1520(c)[1].  The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling."  *Id*. § 404.1522(b)(1)-(6).  In addition, to be severe, the impairment must satisfy a durational requirement.  *See id*. §§ 404.1509, 404.1520(a)(4)(ii).

Step two's severity requirement is *de minimis* and is meant only to screen out the weakest of claims.  *Dixon v. Shalala,* 54 F.3d 1019, 1030 (2d Cir. 1995).  However, despite this lenient standard, the "'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe.'"  *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (quoting *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y. 1995)).  "Rather, to be considered severe, an impairment or combination of impairments must cause more than minimal limitations in [a claimant's] ability to perform work-related functions."  *Hastrich v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 388, 397 (W.D.N.Y. 2019), *appeal dismissed* (July 18, 2019)(citations omitted); *see* 20 C.F.R. § 404.1624(c).

---

[1] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs").  Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

Lastly, plaintiff bears the burden of presenting evidence establishing severity. *Smith v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 270, 276 (W.D.N.Y. 2018) (quoting *Taylor,* 32 F. Supp. 3d at 265); *see also* 20 C.F.R. § 416.912(a).  However, "[p]laintiff's burden at step two is not heavy." *Marcus L. v. Comm'r of Soc. Sec.*, No. 20-CV-0167, 2021 WL 4204981, at *3 (W.D.N.Y. Sept. 16, 2021).  "A claim may be denied at step two only if the evidence shows that the individual's impairments do not have more than a minimal effect on the person's physical or mental abilities to perform basic work activities."  *Schafenberg v. Saul*, 858 F. App'x 455, 456 (2d Cir. 2021); *see also Zenzel v. Astrue*, 993 F. Supp. 2d 146, 152 (N.D.N.Y. 2012)(same).  "If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process."  *Schafenberg*, 858 F. App'x at 456.  "Indeed, the standard for a finding of severity under step two of the sequential analysis is *de minimis* and is intended only to screen out the very weakest cases."  *Id.* (quoting *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014)).

Step two's *de minimis* standard must be read together with the substantial evidence standard.  Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).   An ALJ's step two denial should be affirmed if there is substantial evidence in the record for the conclusion that a plaintiff's impairment is a *de minimis* one.

Here, the ALJ concluded Plaintiff's lumbar spine disorder was not a severe impairment.  (T. 17.)  In making his determination, the ALJ relied on Plaintiff's treatment

for back pain, objective medical imaging, and objective observations. (T. 17-18.) As outlined by the ALJ, an X-ray on April 3, 2014, shortly before the alleged onset date, showed "mild changes of lumbar spondylosis." (T. 488.) The ALJ considered Plaintiff's treatment which included medication and that he declined an epidural steroid injection for pain control. (T. 590-591.) The ALJ lastly noted Plaintiff's back pain was exacerbated in June 2016 and he sought emergency care. (T. 283.) In June 2016, Plaintiff reported, "[a]t their worst the symptoms were mild" and he experienced "similar episodes in the past, a few times." (T. 287-288.) At the time Plaintiff had intact "circulation, motion, and sensation." (T. 284.) An x-ray showed "mild wedging of lower thoracic vertebral bodies as well as L1," noting the findings were "chronic" and otherwise the spine was "unremarkable." (T. 281.) Plaintiff was discharged home with no functional deficits noted. (T. 285.)

In July 2017, approximately a month after his date last insured, Plaintiff again sought treatment for an acute exacerbation of his chronic low back pain after bending forward to put on shoes. (T. 294.) Plaintiff reported his back pain was "fluctuating" and "occurs occasionally." (*Id*.) On examination Plaintiff had tenderness, muscle spasm, and moderate pain with range of motion. (T. 297.)

Additionally, the ALJ relied on the opinion of non-examining State agency medical examiner, J. Meyer, M.D, finding it "somewhat persuasive." (T. 19.) Dr. Meyer reviewed the evidence in the record and concluded Plaintiff had no severe impairments. (T. 19, 57.) Plaintiff argues the ALJ erred in relying on Dr. Meyer's "stale" opinion, because the doctor did not discuss any of the evidence postdating Plaintiff's June 2016 hospitalization. (Dkt. No. 8 at 12.) As explained by Defendant, Plaintiff ignores the fact

that Dr. Meyer's review was limited to the evidence from the relevant period of May 1, 2014, the alleged onset date, to June 30, 2017, date last insured. (Dkt. No. 9 at 9.) Therefore, evidence in the record, specifically evidence from a hospitalization two years after the date last insured, did not render Dr. Meyer's opinion stale.

Although Plaintiff was diagnosed with a back impairment and received treatment for his impairment, substantial evidence in the record supports the ALJ's step two determination that Plaintiff's back impairment was not severe. As outlined above, diagnosis and treatment alone are not sufficient to render a condition severe. *Taylor,* 32 F. Supp. 3d at 265. Plaintiff's back impairment must cause more than a minimal limitation in his ability to perform basic work demands. As noted by the ALJ in his decision, despite diagnosis and treatment, the record does not contain any evidence of functional limitations due to Plaintiff's back impairment during the relevant time period. Indeed, although Plaintiff's back pain was chronic in nature, he sought treatment for an acute exacerbation once during the relevant time period and once shortly after his date last insured. Plaintiff also declined treatment and no functional limitations were noted. Therefore, although the step two standard is *de minimis*, substantial evidence supported the ALJ's determination, and the determination is upheld.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:    May 9, 2022

_____
William B. Mitchell Carter
U.S. Magistrate Judge